Stafford *v.* Montgomery.

STAFFORD *v.* MONTGOMERY.

(*Nashville.* January 11th, 1887.)

STAY OF EXECUTION. *At request of principal. Stayor liable before surety, but surety stands as a principal to the creditor.*

Where a justice's judgment, rendered against the principal debtor and his surety as joint debtors, is stayed at the request of the principal debtor, without the surety's consent, the stayor, as between himself and the surety, becomes first liable for the judgment; but the surety, as between himself and the *creditor*, is to be treated as a *principal*, and cannot therefore supersede an execution issued on such judgment and levied upon his property before exhausting the stayor's.

Code cited: §§ 3744, 3774 (M. & V.); §§ 3031, 3062 (T. & S.)

Cases cited and approved: Chaffin *v.* Campbell, 4 Sneed, 185; Winchester *v.* Bearden, 10 Hum., 247; McNeilly *v.* Cooksey, 2 Lea, 43.

FROM JACKSON.

Appeal in error from the Circuit Court of Jackson County. N. W. McCONNELL, J.

J. P. MURRAY & SON for Stafford.

R. A. COX and M. G. BUTLER for Montgomery.

CALDWELL, J. Montgomery sued W. H. Richmond and J. W. Stafford before a Justice of the Peace of Jackson County on a promissory note, joint and several in its form. Judgment was "for the plaintiff and against the defendants" for the debt, interest, and costs. M. G. Butler was entered as stayor; and after the expiration of the stay, execution was issued and levied upon the property of Stafford. Thereupon Stafford filed his petition for *certiorari* and *supersedeas*, alleging that he was in fact only the surety of Richmond on the note; that Butler became stayor at the instance of Richmond alone, and not for petitioner of by his consent; and that Butler thereby became liable for the judgment before petitioner.

The prayer is that the order of liability be declared, and the levy on petitioners's property be quashed.

Petition was dismissed by the Circuit Judge on motion, and the Commission of Referees recommend a reversal.

The holding of the Commission that the facts alleged make the stayor liable before petitioner, as between themselves, is sound upon principle and in accordance with our statute. Code (M. & V.), § 3774.

Nor is it necessary to this result, as contended by counsel for Butler and Montgomery, that the

judgment should have recited, in the first instance, as provided by Code, § 3744, that Stafford, the present petitioner, was only surety on the note.

The fact of suretyship, though not recited in the judgment, may afterward be established by an independent proceeding against the stayor for that purpose; and in such proceeding, the stayor, if entered at the instance of the principal alone, will be adjudged liable before the surety. *Chaffin* v. *Campbell*, 4 Sneed, 185.

But the surety cannot restrain *the creditor* from collecting his judgment, as is attempted here, because *as to the creditor the surety is to be treated as principal. Ib.*, 191, 192. And to entitle the surety to relief against *the stayor*, especially where the suretyship does not appear on the face of the judgment, the surety must first pay the judgment. *Winchester* v. *Bearden*, 10 Hum., 247; *McNeilly* v. *Cooksey*, 2 Lea, 43.

It follows that this proceeding cannot be maintained at all as to Montgomery, the creditor, and that it is premature as to Butler, the stayor.

The report is disapproved, and the judgment below affirmed.